# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 4, 2011

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

140685

CAROL DRAKE and CLELLEN BURY,
   Plaintiffs-Appellants,

v

CITY OF BENTON HARBOR and HARBOR
SHORES COMMUNITY REDEVELOPMENT
CORPORATION,
   Defendants-Appellees.

SC: 140685
COA: 287502
Berrien CC: 2008-000247-CE

_____/

On January 21, 2011, the Court heard oral argument on the application for leave to appeal the January 21, 2010 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*dissenting*).

The only issue in this case concerns whether a "championship Jack Nicklaus" privately-owned golf course constitutes a "park use," consistent with J. N. and Carrie Klock's deed to the City of Benton Harbor of property to be designated as Jean Klock Park in memory of their daughter who had died in infancy. The City, having previously sold a portion of Jean Klock Park to a private developer for a residential housing development, now attempts to justify the use of a remaining portion of the park for a golf course on, among other grounds, "underutilization" of the park, "economic development," "jobs," and the establishment of a "tourist destination." However admirable these objectives, it is J. N. and Carrie Klock's intentions that control here, not those of the current city government, and the Klocks' intentions must control even if they are now viewed by the City as inconvenient to the pursuit of objectives preferred by the City. In my judgment, and for reasons that require little more than resort to the customary understanding of the term "park" by ordinary users of our language, I believe that the City's use of Jean Klock Park, by leasing portions of it for 105 years to a private commercial entity, the Harbor Shores Community Redevelopment, Inc., for its use as a

golf course, constitutes a breach of faith with the Klocks, and should be enjoined. Although the City prevails today, it, and other communities throughout our state, may well come out losers tomorrow as later generations of philanthropists look at the legacy of J. N. and Carrie Klock and come to question the faithfulness of government in upholding *their* intentions after they too have passed. I respectfully dissent.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 4, 2011

_Corbin R. Davis_
Clerk

s0201